IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DELARICK HUNTER,**

                              **Plaintiff,**

                                                                     CIVIL ACTION
            **vs.**                                                        No. 08-3113-SAC

**DAVID MCKUNE et al.,**

                              **Defendants.**


<u>MEMORANDUM AND ORDER</u>

    This matter is before the court on a complaint filed pro se under 42 U.S.C. 1983 by a prisoner currently incarcerated in Lansing Correctional Facility in Lansing, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1] *See* <u>Hunter v. Young</u>, Case No. 05-3074-MLB ($150.00 district court filing fee) *and* ($455.00 appellate filing fee in Appeal No. 06-3371); <u>Hunter v. Autry</u>, Case No. 07-3203-SAC ($350.00 district court filing fee); <u>Hunter v. State of Kansas</u>, Case No. 08-3075-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks declaratory judgment, injunctive relief, and damages for alleged error in the computation of his state sentence. Having reviewed the record, the court finds the complaint is subject to being summarily dismissed for the following reasons.

First, plaintiff's claims for declaratory and injunctive relief are not properly before this court. The United States Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994). To pursue such relief in federal court, plaintiff must proceed in a habeas petition timely filed[2] under 28

---

[2]Plaintiff is advised that because he in "custody pursuant to the judgment of a state court," 28 U.S.C. § 2244(d)(1) imposes a one year limitation period for seeking habeas corpus relief in a federal court, whether brought under § 2254 or § 2241. <u>Dulworth v. Evans</u>, 442 F.3d 1265, 1267-68 (10th Cir. 2006). That one year limitation period begins to run on the latest of (1) the date on which the judgment becomes final, (2) the date on which an impediment created

2

U.S.C. § 2241, after first exhausting state court remedies.[3]  *See* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(distinguishing claims under § 2254 and § 2241).

Second, plaintiff's claim for damages is barred until he first obtains an order invalidating the challenged computation of his sentence. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id.

---

by the state in violation of the Constitution is removed, or (3) the date on which the factual predicate of the claims presented could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(B), (D).

[3]Plaintiff apparently filed a civil action in the Johnson County District Court, seeking relief on allegations that the sentence imposed in 97-CR-2922 had been fully served and that he was entitled to release from that sentence. Plaintiff provides a copy of the order entered on May 2, 2007, in which the Johnson County district court judge denied such relief finding plaintiff's current custody status of confinement pursuant to a subsequent sentence imposed by the Wyandotte District Court was not affected by plaintiff's Johnson County sentence, and finding plaintiff's concerns with Department of Corrections (DOC) records could not be addressed by the Johnson County court. This does not constitute exhaustion of state court remedies on plaintiff's allegation of error in DOC's computation of his sentence.

To properly exhaust state court remedies, plaintiff must pursue relief in a state habeas petition filed under K.S.A. 60-1501 in the judicial district where he is currently confined, and full appellate review if relief is denied.

Plaintiff's challenge to the computation of his sentence challenges the duration of his confinement, thus the favorable termination rule in <u>Heck</u> applies. *See, e.g.*, <u>Clemente v. Allen</u>, 120 F.3d 703, 705 (7th Cir. 1997)(claim for damages in computation of prisoner's sentence was barred by <u>Heck</u>). Because plaintiff makes no showing in this case that would satisfy the favorable termination rule in <u>Heck</u>, his claim for damages is barred.

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed without prejudice for the reasons stated herein. The failure to file a timely response may result in the complaint being dismissed without prejudice without further prior notice to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice for the reasons stated by the court.

Copies of this order shall be provided to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 10th day of June 2008 at Topeka, Kansas.

                                           s/ Sam A. Crow
                                           SAM A. CROW
                                           U.S. Senior District Judge